IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ALICIA D. RAMAGE, )
)
Plaintiff, )
)
v. ) Case No. CIV-08-147-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Alicia D. Ramage (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 3, 1977 and was 29 years old at the time of the entry of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a waitress and housekeeper. Claimant alleges an inability to work beginning January 1, 2002 due to substance abuse disorder, bipolar disorder, and personality disorder.

## Procedural History

On October 23, 2003, Claimant protectively filed for disability insurance benefits under Title II and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application was denied initially and upon reconsideration. On September 8, 2006, a video hearing was held before ALJ Ben Willner. By decision dated October 27, 2006, the ALJ found that Claimant was not disabled during the relevant period. On January 30, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform a full range of work available in the national economy.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate Claimant's RFC by failing to apply the "special technique" on Claimant's mental impairments and by failing to

4

properly weigh medical source opinions; (2) finding Claimant could perform other work; and (3) failing to engage in a proper credibility evaluation.

## Evaluating Claimant's RFC

Claimant asserts a series of evaluative errors allegedly made by the ALJ in his decision. This Court, however, will focus upon the most egregious of these error - that of the evaluation of the medical source opinions. In his decision, the ALJ failed to give weight to the opinions of the non-treating consultative opinions of Dr. Jerry White and Dr. Max Edgar because Claimant did not fully disclose her substance abuse to them. (Tr. 27).

In Dr. White's report, he states that Claimant revealed a significant history of substance abuse and "was vague as to her period of sobriety from the Amphetamines." (Tr. 185). He concluded Claimant at Axis I: Amphetamine Abuse, Bipolar Disorder by History; Axis II: Rule Out Cluster B Personality Traits; Axis III: Defer to Medical Reports; Axis IV: Psychosocial Stresses, Financial and Legal; Axis V: 40/40 - level of adaptive functioning past year. He rated Claimant's prognosis for improvement over the next 12 months to be poor. (Tr. 187).

An ALJ must consider consultative examiner's opinions and state the weight provided to each. McAnally v. Astrue, 2007 WL 2083750, 3 (10th Cir. (Okla.)); Soc. Sec. R. 96-6p. In the case of

Dr. White's opinion, the ALJ rejected the opinion or gave it "limited weight" on an erroneous basis. Dr. White did not rely upon any deceptive information provided by Claimant with regard to her prior or current substance abuse.

The same may also be said of Dr. Edgar's opinion. Dr. Edgar reached strikingly similar conclusions about Claimant's condition and prognosis in his report of May 16, 2004. He states he reviewed Dr. White's report, which contained the information concerning Claimant's past substance abuse. (Tr. 240). He diagnosed Claimant at Axis I: Bipolar, MRE, mixed. PTSE, NOS; Axis II: Personality disorder with symptoms from Clusters A, B, and C; Axis III: Physical health deferred to physicians. His prognosis for substantial improvement over the next 12 months was guarded. (Tr. 242). Again, the ALJ's rejection of this opinion is misplaced and should be revisited on remand.

The ALJ also rejected the opinions of all treating physicians based upon Claimant being compliant in substance abuse treatment programs during the time of her visit to them. This allegedly did not give these treating doctors a "longitudinal picture of claimant's functioning over a significant period of time." (Tr. 28). Dr. Ramer and Dr. Schader both treated Claimant on July 31, 2003 and March 3, 2006, respectively. They assessed Claimant's GAF at a very low 45 to 50. Again, the basis for the rejection of

these treating physicians' opinions is insufficient.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

7

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's statement's concerning the rejection of the treating physician's opinions leads this Court to conclude the ALJ substituted his own medical opinion for that of the qualified professionals. Indeed, the ALJ also rejected the opinion of Dr. C.M. Kampschaffer, a non-examining state agency psychologist. In essence, the ALJ rejected all professional medical opinions, instead choosing to say he is "persuaded" that Claimant is "capable of performing the limited job duties set out in the foregoing residual functional capacity." (Tr. 28). What record or records "persuaded" the ALJ is conspicuously missing from the written decision. The ALJ's "feeling" is not medical evidence. On remand,

the ALJ shall re-evaluate all medical opinions. Because of the pervasiveness of this error, the remainder of the arguments will not be addressed at this time.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 18th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE